IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antwan Harris,<br><br>Plaintiff,<br><br>v.<br><br>South Carolina Dept. of Corrections, Warden Wallace,<br><br>Defendants. | C/A No. 4:26-cv-02484-SAC-WSB<br><br>**OPINION AND ORDER** |

Plaintiff, an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), proceeding *pro* se, brought this action seeking damages pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

In signing the Complaint, Plaintiff acknowledged that he was responsible for notifying the Clerk in writing of any change of address and that failure to keep his address updated with the Court may lead to dismissal of the case. ECF No. 1 at 12. By Order filed on July 21, 2026, Plaintiff was informed that the case was not in proper form for service, and Plaintiff was provided instructions on how to bring it into proper form. ECF No. 10. Plaintiff was informed that failure to bring the case into proper form would subject the complaint to dismissal for failure to prosecute and failure to comply with an order of the Court. *Id.* at 1. Plaintiff was also instructed to notify the Court of any address change. *Id.* at 3.

On August 5, 2026, Plaintiff filed incomplete proposed service documents and a financial certificate that was not fully signed. ECF No. 3-2. On August 28, 2026, the Court issued another Order providing Plaintiff a second opportunity to file a fully signed financial certificate and

properly completed service documents. ECF No. 15 at 1–3. Plaintiff was again informed that failure to bring the case into proper form would subject the complaint to dismissal for failure to prosecute and failure to comply with an order of the Court. *Id.* at 1. Plaintiff was again reminded of the duty to inform the Court of any address change. *Id.* at 3.

Plaintiff did not respond to the second Order dated August 28, 2026. Accordingly, by Order issued on September 17, 2026, the Court gave Plaintiff "a third and **FINAL** opportunity to bring the case into proper form" by filing a fully signed financial certificate and properly completed service documents. ECF No. 20 at 1–3. According to SCDC records, Plaintiff may have changed addresses on August 24, 2026, without notifying the Court. *See* SCDC Incarcerated Inmate Search, available at https://public.doc.state.sc.us/scdc-public/ (enter Plaintiff's name) (last accessed Oct. 28, 2026). Nonetheless, the third Order dated September 17, 2026, was sent to both the address on file with the Court and the possible new address. ECF Nos. 21; 23.

Plaintiff has not filed any documents in response to the third Order dated September 17, 2026. SCDC records have not indicated any change of address for Plaintiff since August 24, 2026. Despite being provided instructions on how to complete a financial certificate, a proposed summons form, and Forms USM-285 to allow the United States Marshals Service to effectuate service on Defendants (if authorized), Plaintiff ignored those instructions and did not submit properly completed service documents for Defendants. Plaintiff has not complied with this Court's July 21, 2026, August 28, 2026, or September 17, 2026, Orders, and the time to respond has now passed.

Plaintiff has failed to prosecute this case and has failed to comply with Orders of this Court. Accordingly, Plaintiff's Motion for leave to proceed *in forma pauperis* is moot (ECF No. 3), and

the case is dismissed without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**IT IS SO ORDERED.**

Honorable Sheria Atkins Clarke
United States District Judge

November 5, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.